IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BUD BARNES, on behalf of himself**                                         **PLAINTIFF**
**and all similarly situated persons and entities**

v.                      **CASE NO. 3:19-CV-00076 BSM**

**KUMHO TIRE U.S.A., INC.,** *et al.*                                     **DEFENDANTS**

## ORDER

Kumho Tire U.S.A., Inc.'s motion to dismiss for lack of jurisdiction [Doc. No. 9] is granted.

## I. BACKGROUND

Bud Barnes, on behalf of a nationwide class, is suing Kumho for breach of warranty, unjust enrichment, and civil conspiracy. Barnes, on behalf of a statewide class, is suing Kumho for negligence and for violating the Arkansas Product Liability Act and the Arkansas Deceptive Trade Practices Act.

Barnes is an assignee of Hog Wild Trucking, an Arkansas business whose fleet of trucks used Kumho's KLT02e tires. Kumho is a subsidiary of a South Korean company. It is incorporated in California, and its principal place of business is in Georgia. Compl. ¶ 6.

Barnes asserts that Kumho's KLT02e tires violate federal regulations because they wear out prematurely due to a defective rubber compound. *Id.* ¶¶ 13, 26. Kumho advertised that the KLT02e would wear out less quickly than other long-haul tires, thus requiring it to be replaced less frequently while simultaneously improving fuel economy. *Id.* ¶ 10.

Hyundai Translead, Inc. manufactured trailers that used Kumho tires. *Id.* ¶ 13. Hog

Wild leased several trailers from Fleet Equipment, a Hyundai dealer, and Fleet Equipment assigned Hog Wild all warranties associated with the trailers. *Id.* ¶ 31. Hog Wild soon noticed that Kumho's tires were balding prematurely. *Id.* ¶ 32. A Kumho warranty investigator came to Arkansas to inspect Hog Wild's Kumho tires and concluded that the tires' rubber compound was too soft. *Id.* ¶ 38. Hyundai settled Fleet Equipment's claims regarding the defective tires. *Id.* ¶ 42. Barnes alleges that Hog Wild did not receive any of the compensation paid as a result of the settlement. *Id.*

## II. LEGAL STANDARD

Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Ashcroft*, 556 U.S. at 678. In ruling on a motion to dismiss, all well pleaded allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Id.*

## III. DISCUSSION

A. <u>Personal Jurisdiction</u>

Kumho's motion to dismiss for lack of personal jurisdiction is granted because the record does not establish that it has the minimum contacts necessary to permit a court in

Arkansas to exercise jurisdiction over it. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 (8th Cir. 2004) (no personal jurisdiction over defendants when plaintiff "failed to rebut their assertions with testimony, affidavits, or other documents").

Specific jurisdiction concerns "causes of action arising from or related to a defendant's actions within the forum state," and general jurisdiction concerns "the power of a state to adjudicate any cause of action involving a particular defendant." *Miller v. Nippon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008). To be subject to general jurisdiction, a corporation's contacts with the forum state must be "so continuous and systematic as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014). Five factors are weighted when determining whether defendants' contacts with the forum are sufficient: (1) the nature and quality of the contact; (2) the quantity of the contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. *Burlington Indus. v. Maples Indus.,* 97 F.3d 1100, 1102 (8th Cir. 1996).

Kumho argues that no connection exists between it and the state of Arkansas. Reply Br. Supp. Mot. Dismiss, at 7, Doc. No. 31. In support of this proposition, it points out that the tires on Barnes's trucks were sold, installed, and distributed outside of Arkansas. *Id.* at 6; *see* Affidavit of Seonghui Heo, attached as Mot. Dismiss Ex. D. Kumho states that it did not specifically target Arkansas or create a marketing strategy for Arkansas, and that its KLT02e tires have never been imported into Arkansas from overseas. *Id.* Kumho also states

that it has no offices, personnel, real property, or financial accounts in Arkansas. *Id.*

In response, Barnes argues that personal jurisdiction exists over Kumho on claims brought by absent, non-forum class members. *See* Resp. Mot. Dismiss, at 12–20. He argues that this is a class action, rather than a mass tort action, so personal jurisdiction exists over absent, non-forum class members since Barnes seeks to represent similarly situated plaintiffs. *See id.* at 15 (citing *Knotts v. Nissan N. Am. Inc.*, 346 F.Supp. 3d 1311, 1316–18 (D. Minn. 2018)). He fails, however, to show that Kumho is subject to general or specific jurisdiction in Arkansas. *See id.*

There is no doubt that Hyundai installed KLT02e tires on its trailers, and that Hog Wild leased trailers from Fleet Equipment, a Mid-South Hyundai dealer. Compl. ¶¶ 28, 31. Hyundai is not Kumho's agent, however. *See id.* ¶¶ 7, 8. Hyundai, which is incorporated and has its principal place of business in California, purchased KLT02e tires and installed them on its trailers at its plant in Mexico. *Id.* ¶¶ 7, 8, 28. The actions of Hyundai and Fleet Equipment in leasing trailers with KLT02e tires to Hog Wild is not sufficient to establish personal jurisdiction over Kumho in Arkansas. *See Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 614 (8th Cir. 1998) (contacts of beer distributor in forum state insufficient for a finding of minimum contacts of beer producer). Although a Kumho warranty inspector traveled to Arkansas once, a corporation's contacts with the forum state must be "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG*, 571 U.S. at 127.

B. <u>Absent Class Members and Remaining Claims</u>

Absent personal jurisdiction over Kumho, Barnes's remaining claims need not be analyzed. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 433 (2007) (personal jurisdiction is a threshold question).

## IV. CONCLUSION

For the foregoing reasons, Kumho's motion to dismiss for lack of jurisdiction [Doc. No. 9] is granted.

IT IS SO ORDERED this 25th day of March 2020.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE